SEYFARTH SHAW LLP
Michael J. Burns (SBN 172614)
mburns@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Elizabeth M. Levy (SBN 268926)
elevy@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
SIX CONTINENTS HOTELS, INC. (erroneously sued as SIX CONTINENTS HOTEL, INC.), SABA ASMEROM and INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. (erroneously sued as INTERCONTINENTAL HOTELS GROUP, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLA WADDELL,<br><br>Plaintiff,<br><br>v.<br><br>SIX CONTINENTS HOTEL, INC., a California corporation; INTERCONTINENTAL HOTELS GROUP, INC., a California corporation; SABA ASMEROM, an individual; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**DIVERSITY JURISDICTION**<br><br>(Los Angeles County Superior Court Case No. BC582452)<br><br>Complaint Filed: May 21, 2015 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT SABA ASMEROM (hereinafter the "Individual Defendant") SIX CONTINENTS HOTELS, INC. (erroneously sued as SIX CONTINENTS HOTEL, INC.) and INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. (erroneously sued as INTERCONTINENTAL HOTELS GROUP, INC.) ("Corporate Defendants") (collectively, "Defendants") hereby files this Notice of Removal pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California and states that removal is proper for the following reasons:

## BACKGROUND

1. On **May 21, 2015**, Camilla Waddell ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, entitled *Camilla Waddell v. SIX CONTINENTS HOTEL, INC., a California corporation; INTERCONTINENTAL HOTELS GROUP, INC., a California corporation; SABA ASMEROM, an individual; and DOES 1 THROUGH 100, inclusive*, Case No. BC582452. The Complaint alleges the following: (1) harassment based on disability; (2) discrimination based on disability; (3) retaliation; (4) violation of the California Family Rights Act (CFRA); (5) failure to engage in the interactive process; (6) failure to accommodate; (7) wrongful termination in violation of public policy; (8) intentional infliction of emotional distress; (9) failure to provide employee personnel files in violation of Labor Code §§432,1198.5 and (10) failure to provide wage statements in violation of Labor Code §226. A true and correct copy of the Summons and Complaint, as well as other materials served therewith in this action is attached hereto as **Exhibit 1**.

2. On May 22, 2015, the Court filed an Order to Show Cause for Failure to File Proof of Service, attached hereto as **Exhibit 2.**

3. On **June 5, 2015**, in an apparent attempt to serve InterContinental Hotels Group, Inc. (which is not a legal entity and does not exist), Plaintiff served her Complaint on InterContinental Hotel Group Resources, Inc.[1]

4. On **June 10, 2015**, Plaintiff filed a Proof of Service purporting to be for InterContinental Hotels Group, Inc. relating to the service of the Complaint on InterContinental Hotels Group Resources, Inc., attached hereto as **Exhibit 3.**

5. On **June 17, 2015**, Plaintiff served her Complaint and a summons on the Individual Defendant Saba Asmerom by personal service at 3 Ravina Drive, Suite 100, Atlanta, GA 30346.

6. On **June 26, 2015**, Plaintiff filed a Proof of Service.[2]

7. On July 15, 2015, the Individual Defendant, Six Continents Hotels, Inc. (erroneously sued as Six Continents Hotel, Inc.) and InterContinental Hotels Group Resources, Inc. (erroneously sued as InterContinental Hotels Group, Inc.) (the "Corporate Defendants") (collectively "Defendants") filed an Answer to Plaintiff's Unverified Complaint for Damages in Los Angeles County Superior Court. A true and correct copy of the Answer is attached hereto as **Exhibit 4**.

8. As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendants are not citizens of California.

## TIMELINESS OF REMOVAL

9. This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of effective service of the Summons and Complaint upon the Individual Defendant, the only named defendant properly served to date. 28 U.S.C. Section 1446(b); *Destfino v. Reiswig*, 630 F.3d 952,

[1] "InterContinental Hotels Group" is a trade group, not a legal entity. Declaration of Meredith Bell in Support of Notice of Removal ("Bell Decl.") at ¶3.

[2] As of the time of filing, this record was not available. Declaration of Elizabeth Levy in Support of Notice of Removal ("Levy Decl.") ¶3.

956 (9th Cir. 2011)(" each defendant is entitled to thirty days to exercise his removal rights after being served"); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that 30-day deadline to remove commences upon service of the summons and complaint).

## DIVERSITY JURISDICTION

10. The Court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. Section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

**A. Plaintiff's Citizenship**

11. Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013)(where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes."). Plaintiff's Complaint alleges that "At all times relevant herein, Plaintiff was, and now is, an individual ***domiciled and residing*** in the County of Los Angeles, State of California." See Exhibit 1, Complaint ¶ 3. (emphasis added). Defendant's review of Plaintiff's personnel file also reveals that Plaintiff resides in California. Bell Decl. ¶ 7. Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B. Defendants' Citizenship**

**i. The Individual Defendant is Not a Citizen of California**

12. As is set forth above, a person is a "citizen" of the state in which he or she is domiciled. *Kantor*, 704 F.2d at 1090. A person's domicile is also the place where he resides with the intention to remain there permanently or indefinitely. *Lew v. Moss*, 797

F.2d 747, 749-50 (9th Cir. 1986). The Individual Defendant has lived in Georgia for approximately fifteen years and has owned property in Georgia for approximately fifteen years. Asmerom Decl. ¶3. The Individual Defendant also has a Georgia driver's license. *Id.* The Individual Defendant has never resided in California and intends to remain in Georgia indefinitely. *Id.* The Individual Defendant is a citizen of Georgia.

**ii. The Corporate Defendants Are Not Citizens of California**

13. The Corporate Defendants are now, and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1). For diversity purposes, "[a] limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)). The Corporate Defendants are now, and ever since this action commenced, have been incorporated under the laws of the State of Delaware, with their principal place of business in Georgia. Bell Decl. ¶¶ 5-6.

14. The appropriate test to determine a corporate entity's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** ....

*Id.* at 1192 (emphasis added).

15. Under the "nerve center" test, the principal place of business is the state where the corporate officers "direct, control, and coordinate the corporation's activities" and where the corporate entity maintains its headquarters. *Id.* As Georgia is the site of the Corporate Defendants' corporate headquarters and executive offices, and where their high level officers and directors are located, their "nerve center" is in Georgia. Bell Decl.

¶¶5-6. Accordingly, the Corporate Defendants are, and have been at all times since this action commenced, citizens of both Delaware and Georgia.

**D. Residence And Citizenship Of Doe Defendants To Be Disregarded**

16. Plaintiff has also named Does 1 through 50 as defendants. However, pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unknown defendants sued as "Does" need not be joined in a removal petition). Thus, the existence of alleged Doe defendants in this case does not deprive this Court of jurisdiction.

**E. Amount in Controversy**

17. While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

***1. The Claims In The Complaint Establish The Amount In Controversy.***

18. Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if

Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

19. Plaintiff's Complaint alleges disability harassment and discrimination, retaliation, failure to engage in interactive process, failure to accommodate, violation of CFRA and Labor Code violations. Plaintiff claims damages for general, consequential and special damages, including but not limited to loss of salary and employment benefits, as well as emotional distress, punitive damages, and attorneys' fees and costs. See Exhibit 1, Complaint ¶¶ 19-24, 39-45, 57-63, 78-84, 100-106, 123-129, 142-147, 156-161 and Prayer for Relief, p. 43.

20. Should Plaintiff prevail at trial, it is more likely than not that she would recover over $75,000 in damages as there have been, in recent years, several verdicts in disability discrimination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Salinda v. DIRECTV Inc.*, 2013 WL 5944203 (Los Angeles Sup. Ct. August 23, 2013) ($1,178,341 awarded to employee for disability discrimination, failure to prevent discrimination/retaliation, and failure to engage in the interactive process); *Bisharat v. Los Angeles Unified School District*, 2013 WL 1415554 (Los Angeles Sup. Ct. February 15, 2013) ($473,750 jury verdict awarded to employee alleging disability discrimination, failure to prevent discrimination, failure to accommodate, failure to engage in the interactive process, and constructive discharge); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243 (Los Angeles Sup. Ct. September 26, 2013) ($125,000 awarded to employee alleging disability discrimination, failure to accommodate, and wrongful termination); *Kivman v. Worldwide Aeros Corp.*, 2013 WL 3340152 (Los Angeles Sup. Ct. April 25, 2013) ($486,511 awarded to employee alleging disability discrimination, failure to accommodate, and wrongful termination); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct. May 16, 2013) ($325,000 awarded to employee alleging disability discrimination, retaliation, failure to engage in interactive process, failure to prevent discrimination/harassment, and constructive discharge); *Quiroz v. Ralphs Grocery Company*, 2012 WL 3745798 (L.A. County Sup. Ct. June 20, 2012) (award of $490,356 to employee who was terminated

after surgery resulting from an industrial injury in disability discrimination action); *Siglin v. Carden Whittier School, Inc.*, 2012 WL 1798892 (L.A. County Sup. Ct. March 27, 2012) (award of $323,985 to employee who was terminated after returning from a medical leave of absence); *Polk v. Metropolitan Transportation Authority*, 2012 WL 864463 (L.A. County Sup. Ct. January 23, 2012) (award of $250,000 to former employee where company failed to engage in interactive process); *Sun v. Transit Air Cargo, Inc.*, 2012 WL 926915 (Orange County Sup. Ct. March 8, 2012) (award of $75,290 to employee in disability discrimination and violation of California Family Rights Act action); *Dickinson v. Allstate Insurance Company*, 2011 WL 4048838 (Orange County Sup. Ct. January 27, 2011) (award of $341,322 to employee in disability discrimination action); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct. March 23, 2011) (award of $680,182 to employee in disability discrimination action); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal. December 15, 2012) (award of $229,638 to employee for discriminatory termination in violation of the California Family Rights Act); *Li v. Wyndham Vacation Ownership, Inc.*, 2010 WL 4111579 (Contra Costa County Sup. Ct. September 15, 2010) ($346,000 jury verdict awarded to employee who was demoted and replaced, and who ultimately resigned after going on medical leave); *Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal. February 12, 2010) (award of $1,033,500 to employee who brought action against employer based on disability discrimination and failure to accommodate); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct. February 26, 2010) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Jadwin v. County of Kern*, 2009 WL 2837507 (E.D. Cal. June 8, 2009) (award of $505,457 to employee disability discrimination and violation of California Family Rights Act action); *Kolas v. Alticor Inc.*, 2008 WL 6040410 (L.A. County Sup. Ct. January 2008) (award of $600,000 to employee claiming wrongful termination and disability and age discrimination); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal. February 28, 2008) (award of $850,000 to employee in disability discrimination action); *Cosby v. City of Orange*, 2008 WL

2101526 (Orange County Sup. Ct. February 15, 2008) (jury verdict awarding $216,575 where employee was terminated upon returning from protected medical leave); *Leuzinger v. County of Lake*, 2007 WL 3022455 (N.D. Cal. September 24, 2007) (jury verdict awarding employee $1,679,001 in disability discrimination and failure to accommodate action); *Orue v. Sears, Roebuck & Co.*, 2007 WL 2456108 (L.A. County Sup. Ct. August 1, 2007) (award of $173,056 to employee who brought action based on, among other things, disability discrimination against employer who wrongfully terminated her); *Martin v. Arrow Electronics,* 2006 WL 2044626 (C.D. Cal. June 12, 2006) (award of $1,500,000 to employee who was wrongfully terminated based upon the disabilities he developed during his employment).

21. Plaintiff's allegations that she was discriminated against because of a disability are similar to the issues in these cases. Defendants have attached these verdicts as **Exhibit A** to the concurrently filed Declaration of Elizabeth Levy for the Court's review.

22. ***Emotional Distress Damages***. Plaintiff also claims damages for emotional distress. See Exhibit 1, Complaint, ¶¶ 22, 42, 60, 81, 103, 126, 145. A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *See Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) (award of $300,000 in past and future non-economic loss to employee in disability discrimination action); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (L.A. County Sup. Ct. August 13, 2008) (jury award of $113,000 for emotional distress due in a disability discrimination and failure to accommodate action); *Christle v. City of Los Angeles*, 2007 WL 4624405 (L.A. County Sup. Ct. October 15, 2007) (award of $804,760 in non-economic damages in retaliation case); *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (L.A. County Sup. Ct. February 16, 2006) (jury award of $300,000 in non-economic damages for employee denied reinstatement despite request for reasonable accommodation for disability); *Miller v. Lockheed Martin*, 2005 WL 4126684 (Los Angeles County Sup. Ct. October 7, 2005) (jury award of $300,000 in non-economic damages for employee terminated after requesting accommodation for

disability); *Cal. Dep't of Fair Employment and Housing v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct. October 16, 2003) (jury awarded $300,000 for emotional distress damages in an alleged failure to accommodate and disability discrimination case). Plaintiff's allegations that she was discriminated against and discharged because of a disability are similar to the issues in these cases. Defendant has attached these verdicts as **Exhibit B** to the concurrently filed Declaration of Elizabeth Levy for the Court's review.

23. ***Attorneys' Fees And Costs***. Plaintiff also claims that she is entitled to attorneys' fees and costs. See Exhibit 1, Complaint ¶¶ 25, 45, 63, 84, 106, 129, 147, 161 and Prayer for Relief, p. 43. Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).[3]

24. Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving disability discrimination and wage-related claims. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct. September 29, 2010) (approving attorneys' fee award of $159,762.50 in alleged disability discrimination and failure to accommodate case); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct. September 16, 2006) (attorneys' fees award of $490,000 for claims including disability discrimination and failure to accommodate); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for

[3] In addition, Labor Code sections 1198.5 and 226 specifically provide for an award of attorneys' fees.

filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277 for claim of discrimination and retaliation). The verdicts are attached as **Exhibit C** to the Declaration of Elizabeth Levy.

25. Defendants anticipate depositions being taken in this case, and that ultimately Defendants will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. Levy Decl. ¶ 3.

26. ***Punitive Damages***. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *see* Exhibit 1, Complaint, Prayer for Relief, p. 43.

27. The Corporate Defendants are large entities. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award .... That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors ...." (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

28. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686, 719 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

29. Based upon the allegations contained in Plaintiff's Complaint, Defendants are informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court. Since diversity of citizenship exists between the Plaintiff and Defendants and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

**VENUE**

30. Venue lies in this Court pursuant to 28 U.S.C. § 1441(a), as this action originally was brought in the Superior Court of the State of California, County of Los Angeles, and actions giving rise to the Complaint occurred in the County of Los Angeles.

**NOTICE OF REMOVAL**

31. Notice of this notice of removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California for the County of Los Angeles.

**JOINDER BY ALL DEFENDANTS**

32. By signing this Notice of Removal, Defendants' counsel hereby certifies that Defendant Six Continents Hotels, Inc. (erroneously sued as Six Continents Hotel, Inc.) and InterContinental Hotel Group Resources, Inc. (erroneously sued as InterContinental Hotels Group, Inc.) which is represented by the undersigned, join in this Notice of Removal. *See, e.g.*, *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: July 17, 2015

SEYFARTH SHAW LLP

By: */s/ Elizabeth Levy*
Michael J. Burns
Elizabeth M. Levy

Attorneys for Defendants
SIX CONTINENTS HOTELS, INC. (erroneously sued as SIX CONTINENTS HOTEL, INC.), SABA ASMEROM and INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. (erroneously sued as INTERCONTINENTAL HOTELS GROUP, INC.)

# EXHIBIT 1

ADAM REISNER, ESQ., (State Bar No. 204351)
TESSA KING, ESQ., (State Bar No. 251408)
ARTHUR SEZGIN, ESQ., (State Bar No. 296666)
**REISNER & KING LLP**
14724 Ventura Blvd., Suite 1210
Sherman Oaks, California 91403
Phone: (818) 981-0901
Fax: (818) 981-0902

Attorneys for PLAINTIFF CAMILLA WADDELL

A6037
9131
PBPT · 42
HOLLY B
KENPHE

FILED
Superior Court Of California
County Of Los Angeles
MAY 21 2015
Sherri R. [illegible] Executive Officer/Clerk
By [illegible], Deputy
Judi Lara

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| CAMILLA WADDELL,<br><br>Plaintiff,<br><br>v.<br><br>SIX CONTINENTS HOTEL, INC., a California corporation; INTERCONTINENTAL HOTELS GROUP, INC., a California corporation; SABA ASMEROM, an individual; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.: BC 582452<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) DISABILITY HARASSMENT, VIOLATION OF CAL. <u>GOV'T CODE</u> §§ 12940 ET SEQ. ("FEHA");**<br><br>**(2) DISABILITY DISCRIMINATION, VIOLATION OF THE FEHA;**<br><br>**(3) DISABILITY RETALIATION, VIOLATION OF THE FEHA;**<br><br>**(4) VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT, CAL. <u>GOV. CODE</u> § 12945.2;**<br><br>**(5) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, VIOLATION OF THE FEHA;**<br><br>**(6) FAILURE TO ACCOMMODATE, VIOLATION OF THE FEHA;**<br><br>**(7) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |

CIT/CASE: BC582452
LEA/DEF#:
RECEIPT #: CCH520872049
DATE PAID: 05/21/15 03:06 PM
PAYMENT: $435.00
RECEIVED: 310
CHECK: $435.00
CASH: $0.00
CHANGE: $0.00
CARD: $0.00

(9) **FAILURE TO PROVIDE EMPLOYEE PERSONNEL FILES, VIOLATION OF CAL. <u>LABOR CODE</u> §§ 432, 1198.5;**

(10) **FAILURE TO PROVIDE WAGE & HOUR STATEMENTS, VIOLATION OF CAL. <u>LABOR CODE</u> § 226.**

**<u>JURY TRIAL DEMANDED</u>**

COMES NOW PLAINTIFF CAMILLA WADDELL (hereinafter referred to as "WADDELL" or "PLAINTIFF") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, as follows:

**I.**

**<u>FIRST CAUSE OF ACTION</u>**

**For Actual/Perceived Physical/Mental Disability Harassment in Employment**

**[California <u>Government Code</u> §§ 12940 et seq.]**

**Against All Defendants & DOES 1 Through 100, Inclusive**

1. This Court has jurisdiction over the claims alleged herein. The relief requested is within the jurisdiction of this Court.

2. Venue is proper in the County of Los Angeles as Defendants conduct business in Los Angeles County and the acts alleged herein occurred in the County of Los Angeles.

3. At all times mentioned herein, Plaintiff was, and now is, an individual domiciled and residing in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendants SIX CONTINENTS HOTEL, INC., a California corporation, and INTERCONTINENTAL HOTELS GROUP, INC., a California corporation, (hereinafter collectively referred to as "INTERCONTINENTAL HOTELS" and collectively with all other Defendants as "Defendants"), were, and now are, valid businesses of form unknown, duly organized and existing under the laws of the State of California, having their principal places of business in the County of Los Angeles, State of California.

5. At all times mentioned herein, Defendant Regional Director SABA ASMEROM (hereinafter referred to as "ASMEROM" and collectively with all other Defendants as

"Defendants"), was, and now is, an individual believed to be residing and/or carrying out at least some of her employment duties in the County of Los Angeles, State of California, and was a Manager, Officer, Shareholder, Director, Supervisor, Manager, Managing Agent, Owner, Principal, and/or Employee of Defendant INTERCONTINENTAL HOTELS and DOES 1 through 100, and each of them.

6. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the Plaintiff, as hereinafter alleged.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein has, at all times relevant to this action, been the officer, agent, employee and/or representative of the remaining Defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the co-defendants.

8. Plaintiff was employed by Defendant Intercontinental Hotels for approximately seven (7) beginning on or about March 17, 2008 and continuing until the time of her wrongful termination on or about May 13, 2015.

9. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because she was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: severe and/or debilitating carpal tunnel syndrome, among other related disabilities/conditions.

10. At all times relevant herein, Plaintiff's impairments affected and/or affect her mental and/or psychological condition and/or her musculoskeletal body system, thereby affecting her ability to perform major life activities, such as working.

11. At all times relevant herein, as a disabled employee, Plaintiff was within a class protected by California's Fair Employment & Housing Act ("FEHA").

12. On a severe and/or pervasive basis continuing at least through the time of Plaintiff's wrongful termination on or about May 13, 2015, and continuing, Defendants and DOES 1 through 100, and each of them, harassed Plaintiff due to and substantially motivated by Plaintiff's actual and/or perceived disabilities and need for accommodations (including protected medical leave) through the following actions, including discriminatory personnel management actions and decisions, among others:

a) Upon receiving notice of Plaintiff's disabilities and resultant need for protected medical leave, Defendant Regional Director Asmerom egregiously asked Plaintiff, **"Can you take any of these appointments on your own time?"**

b) Defendant Regional Director Asmerom also sent Plaintiff harassing emails in which she consistently questioned Plaintiff's ability to work and use her computer mouse. For example, in one email she sent Plaintiff, Defendant Regional Director Asmerom dismissively wrote, **"Our business depends on all outputs to be done during work hours and that you are available during work hours."**

c) After Plaintiff complained about Defendant Regional Director Asmerom's harassing behavior to Employee Relations Manager, Ms. Natasha Mays, Ms. Mays shockingly responded, **"Maybe the reason Saba (Asmerom) treats you differently is because you're out of the office frequently with doctor's appointments and therapy sessions."** Such comments further subjected Plaintiff to a hostile, harassing work environment.

d) Additionally, despite awarding Plaintiff multiple Bravo! awards in June *and* August 2013 commending Plaintiff for her leadership and also her skill in the PERFORM activation process, Defendant Regional Director Asmerom egregiously issued her a negative 2013 Annual Review. Further demonstrating Defendant Regional Director Asmerom's discriminatory animus, Plaintiff's 2013 review unjustifiably documented and/or commented on Plaintiff's performance in 2012.

e) Additionally, the day after Plaintiff received her annual review (in or around March 2014), Defendant Regional Director Asmerom and her manager, Mr. George North, also unjustifiably told Plaintiff she was **"not doing [her] job efficiently"** and that she **"may need to find different work."** Plaintiff believes and herein alleges the aforesaid comments were motivated by her disabilities and/or need for accommodations or protected medical leave.

f) Moreover, in direct contravention of Defendant Intercontinental Hotels' company policy, Defendant Regional Director Asmerom frequently required Plaintiff to use personal and/or vacation time to undergo necessary medical treatment.

g) Defendant Regional Director Asmerom also ordered Plaintiff to submit timecards for the hours she was at the doctor's office. Based on information and belief, during the time Plaintiff was employed, Defendant Intercontinental Hotels' policy did not require salaried employees, including Plaintiff, to submit timecards for such *partial* days off.

h) Defendant Intercontinental Hotels forced Plaintiff out on unpaid leave beginning in or around December 2014.

i) Beginning in or around February 2015, despite having notice of Plaintiff's ability to return to her former position and/or any other available position, Defendant Intercontinental Hotels failed to reinstate Plaintiff and/or offer her employment in any capacity.

j) Defendant Intercontinental Hotels terminated Plaintiff's employment on or about May 13, 2015.

k) At least through May 20, 2015, and continuing, Defendant Intercontinental Hotels failed to rehire Plaintiff and/or make an offer for her to be reinstated to her former position or any other available position.

l) Plaintiff was treated differently, disparately, and/or negatively because of her actual/perceived disabilities and need for medical accommodations, including Defendants subjecting Plaintiff to harassing statements and/or conduct on a severe and/or pervasive basis, denying her opportunities, subjecting Plaintiff to disparate working terms and

conditions, issuing Plaintiff biased performance evaluations and/or reviews, failing to accommodate Plaintiff, forcing Plaintiff out on unpaid leave, wrongfully terminating Plaintiff, and/or failing and/or refusing to rehire Plaintiff and/or offer her employment in any capacity.

m) At all times relevant herein, Defendant Intercontinental Hotels failed to engage in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and how she could be accommodated as required by Cal. Gov. Code § 12940(n).

n) At all times relevant herein, Defendant Intercontinental Hotels failed to provide Plaintiff with reasonable accommodations as required by Cal. Gov. Code § 12940(m).

13. In doing the acts alleged herein, aforesaid Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

14. At all times relevant herein, Plaintiff considered her work environment to be hostile and/or abusive and herein also alleges that a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

15. Based on information and belief, Plaintiff alleges that she was replaced by a non-disabled employee.

16. At all times relevant herein, Plaintiff believes and further alleges Defendant Intercontinental Hotels and/or its agents/representatives failed to timely, properly, and/or completely investigate the disability harassment Plaintiff was subjected to.

17. The acts and conduct of aforesaid Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants concerning harassment against persons, such as Plaintiff, on the basis of actual/perceived disabilities and the prohibition of actual/perceived disability harassment. Said statutes were intended to prevent the type of injury and damage herein set forth.

18. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received

Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted her administrative remedies under the California Government Code.

19. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered and/or may be rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered and/or may suffer, among other things, numerous internal injuries, severe fright, shock, pain, discomfort, and/or anxiety.

20. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, she may be and/or will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

21. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been and/or will be unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will and/or may be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

22. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused and/or may be caused, and did suffer and/or may suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

23. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

24. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

25. As a result of the harassing acts of Defendants and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

26. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**II.**

**SECOND CAUSE OF ACTION**

**For Actual/Perceived Physical/Mental Disability Discrimination in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against Defendants INTERCONTINENTAL HOTELS & DOES 1 Through 100, Only**

27. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

28. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because she was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future

physical/mental disability(s) including, but not limited to: severe and/or debilitating carpal tunnel syndrome, among other related disabilities/conditions.

29. At all times relevant herein, as a disabled employee, Plaintiff was within a class protected by the FEHA.

30. At all times relevant herein, Defendant Intercontinental Hotels had notice of Plaintiff's disabilities and/or need for accommodations. Defendant Intercontinental Hotels had notice as a result of the following, among others:

a) Plaintiff exchanged numerous emails with Defendant Regional Manager Asmerom, among other supervisory personnel, regarding her disability, required accommodations, and medical leave.

b) Plaintiff also submitted numerous work status reports detailing the extent of her disability and resultant work restrictions/accommodations she required.

31. At all times relevant herein, Plaintiff's impairments affected and/or affect her mental and/or psychological condition and/or her musculoskeletal body system, thereby affecting her ability to perform major life activities, such as working.

32. At all times relevant herein, Plaintiff was qualified for and/or competently performed the position(s) she held throughout her employment with Defendant Intercontinental Hotels.

33. At all times relevant herein, Plaintiff was able to perform the essential functions of her job either with and/or without reasonable accommodations.

34. As a result of and substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for protected finite leave, Defendants and DOES 1 through 100, and each of them, subjected Plaintiff to discriminatory treatment and/or adverse employment actions, including the following actions, among others:

a) Defendant Intercontinental Hotels forced Plaintiff out on unpaid leave beginning in or around December 2014.

b) Beginning in or around February 2015, despite having notice of Plaintiff's ability to return to her former position and/or any other available position, Defendant

Intercontinental Hotels failed to reinstate Plaintiff and/or offer her employment in any capacity.

c) Defendant Intercontinental Hotels terminated Plaintiff's employment on or about May 13, 2015.

d) At least through May 20, 2015, and continuing, Defendant Intercontinental Hotels failed to rehire Plaintiff and/or make an offer for her to be reinstated to her former position or any other available position.

e) Plaintiff was treated differently, disparately, and/or negatively because of her actual/perceived disabilities and need for medical accommodations, including Defendants subjecting Plaintiff to harassing statements and/or conduct on a severe and/or pervasive basis, denying her opportunities, subjecting Plaintiff to disparate working terms and conditions, issuing Plaintiff biased performance evaluations and/or reviews, failing to accommodate Plaintiff, forcing Plaintiff out on unpaid leave, wrongfully terminating Plaintiff, and/or failing and/or refusing to rehire Plaintiff and/or offer her employment in any capacity.

f) At all times relevant herein, Defendant Intercontinental Hotels failed to engage in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and how she could be accommodated as required by Cal. Gov. Code § 12940(n).

g) At all times relevant herein, Defendant Intercontinental Hotels failed to provide Plaintiff with reasonable accommodations as required by Cal. Gov. Code § 12940(m).

h) Upon receiving notice of Plaintiff's disabilities and resultant need for protected medical leave, Defendant Regional Director Asmerom egregiously asked Plaintiff, **"Can you take any of these appointments on your own time?"**

i) Defendant Regional Director Asmerom also sent Plaintiff harassing, discriminatory emails in which she consistently questioned Plaintiff's ability to work and use her computer mouse. For example, in one email she sent Plaintiff, Defendant

Regional Director Asmerom dismissively wrote, **"Our business depends on all outputs to be done during work hours and that you are available during work hours."**

j) After Plaintiff complained about Defendant Regional Director Asmerom's harassing and discriminatory behavior to Employee Relations Manager, Ms. Natasha Mays, Ms. Mays shockingly responded, **"Maybe the reason Saba (Asmerom) treats you differently is because you're out of the office frequently with doctor's appointments and therapy sessions."** Such comments further subjected Plaintiff to a hostile, discriminatory work environment.

k) Additionally, despite awarding Plaintiff multiple Bravo! awards in June *and* August 2013 commending Plaintiff for her leadership and also her skill in the PERFORM activation process, Defendant Regional Director Asmerom egregiously issued her a negative 2013 Annual Review. Further demonstrating Defendant Regional Director Asmerom's discriminatory animus, Plaintiff's 2013 review unjustifiably documented and/or commented on Plaintiff's performance in 2012.

l) Additionally, the day after Plaintiff received her annual review (in or around March 2014), Defendant Regional Director Asmerom and her manager, Mr. George North, also unjustifiably told Plaintiff she was **"not doing [her] job efficiently"** and that she **"may need to find different work."** Plaintiff believes and herein alleges the aforesaid comments were motivated by her disabilities and/or need for accommodations or protected medical leave.

m) Moreover, in direct contravention of Defendant Intercontinental Hotels' company policy, Defendant Regional Director Asmerom frequently required Plaintiff to use personal and/or vacation time to undergo necessary medical treatment.

n) Defendant Regional Director Asmerom also ordered Plaintiff to submit timecards for the hours she was at the doctor's office. Based on information and belief, during the time Plaintiff was employed, Defendant Intercontinental Hotels' policy did not require salaried employees, including Plaintiff, to submit timecards for such *partial* days off.

35. In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

36. At all times relevant herein, Plaintiff believes and further alleges Defendant Intercontinental Hotels and/or its agents/representatives failed to timely, properly, and/or completely investigate the disability discrimination Plaintiff was subjected to.

37. The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Gov. Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants concerning discrimination against persons, such as Plaintiff, on the basis of disabilities and the prohibition of disability discrimination. Said statutes were intended to prevent the type of injury and damage herein set forth.

38. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted her administrative remedies under the California Government Code.

39. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered and/or may be rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered and/or may suffer, among other things, numerous internal injuries, severe fright, shock, pain, discomfort, and/or anxiety.

40. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, she may be and/or will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

41. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been and/or will be unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will and/or may be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

42. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused and/or may be caused, and did suffer and/or may suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

43. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

44. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

45. As a result of the discriminatory acts of Defendants and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

46. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**III.**

**THIRD CAUSE OF ACTION**

**For Actual/Perceived Physical/Mental Disability Retaliation in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against Defendants INTERCONTINENTAL HOTELS & DOES 1 Through 100, Only**

47. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

48. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal Gov. Code §§ 12926.1(b) et seq., because she was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: severe and/or debilitating carpal tunnel syndrome, among other related disabilities/conditions.

49. Plaintiff was, at all times material hereto, a disabled employee (and one who engaged in legally protected conduct) and within a protected class covered by the FEHA.

50. Plaintiff asserted her legal rights on the following occasions, among others:

a) Plaintiff engaged in legally protected conduct by complaining to Intercontinental Hotels' Employee Relations Manager, Ms. Natasha Mays, about Defendant Regional Director Asmerom's harassing and discriminatory behavior based on Plaintiff's disabilities and her requests for accommodations.

b) Plaintiff also protested against a biased performance evaluation she received immediately upon notifying Defendants of her disabilities.

c) Plaintiff engaged in legally protected conduct by requesting reasonable medical accommodations, such as modified duty and the ability to take additional rest periods to stretch her wrists.

d). Plaintiff engaged in legally protected conduct by requesting and/or taking legally protected medical leave on numerous occasions prior to her wrongful termination.

51. However, Defendants and DOES 1 through 100, and each of them, retaliated against Plaintiff, due to and substantially motivated by Plaintiff engaging in the aforesaid legally protected activities, her actual/perceived disability(s), and/or Plaintiff requesting accommodations and/or protected finite leave, through the following actions, among others:

a) Plaintiff was treated differently, disparately, and/or negatively because of her actual/perceived disabilities and need for medical accommodations, including Defendants subjecting Plaintiff to harassing statements and/or discriminatory conduct on a severe and/or pervasive basis, denying her opportunities, subjecting Plaintiff to disparate working terms and conditions, issuing Plaintiff biased performance evaluations and/or reviews, failing to accommodate Plaintiff, forcing Plaintiff out on unpaid leave, wrongfully terminating Plaintiff, and/or failing and/or refusing to rehire Plaintiff and/or offer her employment in any capacity.

b) Defendant Intercontinental Hotels forced Plaintiff out on unpaid leave beginning in or around December 2014.

c) Beginning in or around February 2015, despite having notice of Plaintiff's ability to return to her former position and/or any other available position, Defendant Intercontinental Hotels failed to reinstate Plaintiff and/or offer her employment in any capacity.

d) Defendant Intercontinental Hotels terminated Plaintiff's employment on or about May 13, 2015.

e) At least through May 20, 2015, and continuing, Defendant Intercontinental Hotels failed to rehire Plaintiff and/or make an offer for her to be reinstated to her former position or any other available position.

f) At all times relevant herein, Defendant Intercontinental Hotels failed to engage in the mandatory good-faith interactive process to determine the nature and extent of

Plaintiff's disabilities and how she could be accommodated as required by Cal. Gov. Code § 12940(n).

g) At all times relevant herein, Defendant Intercontinental Hotels failed to provide Plaintiff with reasonable accommodations as required by Cal. Gov. Code § 12940(m).

h) Plaintiff was also retaliated against by Defendants as they engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Plaintiff's employment. This conduct was reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion. This conduct included the following, among others:

i. Upon receiving notice of Plaintiff's disabilities and resultant need for protected medical leave, Defendant Regional Director Asmerom egregiously asked Plaintiff, **"Can you take any of these appointments on your own time?"**

ii. Defendant Regional Director Asmerom also sent Plaintiff harassing, discriminatory emails in which she consistently questioned Plaintiff's ability to work and use her computer mouse. For example, in one email she sent Plaintiff, Defendant Regional Director Asmerom dismissively wrote, **"Our business depends on all outputs to be done during work hours and that you are available during work hours."**

iii. After Plaintiff complained about Defendant Regional Director Asmerom's harassing and discriminatory behavior to Employee Relations Manager, Ms. Natasha Mays, Ms. Mays shockingly responded, **"Maybe the reason Saba (Asmerom) treats you differently is because you're out of the office frequently with doctor's appointments and therapy sessions."** Such comments further subjected Plaintiff to a hostile, harassing work environment.

iv. Additionally, despite awarding Plaintiff **multiple** Bravo! awards in June *and* August 2013 commending Plaintiff for her leadership and also her skill in the PERFORM activation process, Defendant Regional Director Asmerom egregiously issued her a negative 2013 Annual Review. Further demonstrating

Defendant Regional Director Asmerom's discriminatory animus, Plaintiff's 2013 review unjustifiably documented and/or commented on Plaintiff's performance in 2012.

v. Additionally, the day after Plaintiff received her annual review (in or around March 2014), Defendant Regional Director Asmerom and her manager, Mr. George North, also unjustifiably told Plaintiff she was **"not doing [her] job efficiently"** and that she **"may need to find different work."** Plaintiff believes and herein alleges the aforesaid comments were motivated by her disabilities and/or need for accommodations or protected medical leave.

vi. Moreover, in direct contravention of Defendant Intercontinental Hotels' company policy, Defendant Regional Director Asmerom frequently required Plaintiff to use personal and/or vacation time to undergo necessary medical treatment.

vii. Defendant Regional Director Asmerom also ordered Plaintiff to submit timecards for the hours she was at the doctor's office. Based on information and belief, during the time Plaintiff was employed, Defendant Intercontinental Hotels' policy did not require salaried employees, including Plaintiff, to submit timecards for such *partial* days off.

52. In doing the acts alleged herein, aforesaid Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's disabilities, need for accommodations, need for legally protected medical leave, and/or aforesaid legally protected activities.

53. Based on information and belief, Plaintiff alleges that she was replaced by a non-disabled employee and/or one who did not assert his/her legal rights.

54. At all times relevant herein, Plaintiff believes and further alleges Defendant Intercontinental Hotels and/or its agents/representatives failed to timely, properly, and/or completely investigate the disability harassment, discrimination, and/or retaliation Plaintiff was subjected to.

55. The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants and DOES 1 through 100, and each of them, concerning retaliation against persons, such as Plaintiff, on the basis of disabilities and/or assertion of legal rights. Said statutes were intended to prevent the type of injury and damage herein set forth.

56. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted her administrative remedies under the California Government Code.

57. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered and/or may be rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered and/or may suffer, among other things, numerous internal injuries, severe fright, shock, pain, discomfort, and/or anxiety.

58. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, she may be and/or will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

59. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been and/or will be unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will and/or may be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

60. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused and/or may be caused, and did suffer and/or may suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

61. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

62. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

63. As a result of the retaliatory acts of Defendants and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

64. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

///

///

///

///

IV.

FOURTH CAUSE OF ACTION

**For Violation of the California Family Rights Act ("CFRA")**

**[California Government Code § 12945.2]**

**Against Defendants INTERCONTINENTAL HOTELS & DOES 1 Through 100, Only**

65. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

66. Defendant Intercontinental Hotels violated the California Family Right Act ("CFRA") by terminating Plaintiff's employment after she requested and/or took protected leave pursuant to the CFRA.

67. Plaintiff was an employee of Defendant Intercontinental Hotels who qualified for protected leave pursuant to the California Family Rights Act ("CFRA") (Cal. Gov. Code § 12945.2).

68. Plaintiff believes and herein alleges that at all times herein mentioned, Defendant Intercontinental Hotels was an employer who regularly employed 50 or more employees, and therefore within the definition provided by Cal. Gov. Code § 12945.2.

69. Plaintiff worked for Defendant Intercontinental Hotels for over one (1) year and worked over 1250 hours in the year prior to requesting and/or taking leave pursuant to the CFRA.

70. Among other occasions, Plaintiff requested and/or took protected leave pursuant to the CFRA beginning in or around June 2014.

71. However, as a result of and substantially motivated by Plaintiff requesting and/or taking legally protected leave pursuant to the CFRA, Defendant Intercontinental Hotels and DOES 1 through 100, and each of them, subjected Plaintiff to the following discriminatory and retaliatory adverse employment actions including the following, among others:

a) Plaintiff was treated differently, disparately, and/or negatively because of her actual/perceived disabilities and need for medical accommodations and/or her legally protected activities (complaints/protests), including Defendants subjecting Plaintiff to harassing statements and/or discriminatory conduct on a severe and/or pervasive basis,

denying her opportunities, subjecting Plaintiff to disparate working terms and conditions, issuing Plaintiff biased performance evaluations and/or reviews, failing to accommodate Plaintiff, forcing Plaintiff out on unpaid leave, wrongfully terminating Plaintiff, and/or failing and/or refusing to rehire Plaintiff and/or offer her employment in any capacity.

b) Defendant Intercontinental Hotels forced Plaintiff out on unpaid leave beginning in or around December 2014.

c) Beginning in or around February 2015, despite having notice of Plaintiff's ability to return to her former position and/or any other available position, Defendant Intercontinental Hotels failed to reinstate Plaintiff and/or offer her employment in any capacity.

d) Defendant Intercontinental Hotels terminated Plaintiff's employment on or about May 13, 2015.

e) At least through May 20, 2015, and continuing, Defendant Intercontinental Hotels failed to rehire Plaintiff and/or make an offer for her to be reinstated to her former position or any other available position.

f) At all times relevant herein, Defendant Intercontinental Hotels failed to engage in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and how she could be accommodated as required by Cal. Gov. Code § 12940(n).

g) At all times relevant herein, Defendant Intercontinental Hotels failed to provide Plaintiff with reasonable accommodations as required by Cal. Gov. Code § 12940(m).

h) Plaintiff was also retaliated against by Defendants as they engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Plaintiff's employment. This conduct was reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion. This conduct included the following, among others:

i. Upon receiving notice of Plaintiff's disabilities and resultant need for protected medical leave, Defendant Regional Director Asmerom egregiously asked Plaintiff, **"Can you take any of these appointments on your own time?"**

ii. Defendant Regional Director Asmerom also sent Plaintiff harassing, discriminatory emails in which she consistently questioned Plaintiff's ability to work and use her computer mouse. For example, in one email she sent Plaintiff, Defendant Regional Director Asmerom dismissively wrote, **"Our business depends on all outputs to be done during work hours and that you are available during work hours."**

iii. After Plaintiff complained about Defendant Regional Director Asmerom's harassing and discriminatory behavior to Employee Relations Manager, Ms. Natasha Mays, Ms. Mays shockingly responded, **"Maybe the reason Saba (Asmerom) treats you differently is because you're out of the office frequently with doctor's appointments and therapy sessions."** Such comments further subjected Plaintiff to a hostile, harassing, and discrimiantory work environment.

iv. Additionally, despite awarding Plaintiff multiple Bravo! awards in June *and* August 2013 commending Plaintiff for her leadership and also her skill in the PERFORM activation process, Defendant Regional Director Asmerom egregiously issued her a negative 2013 Annual Review. Further demonstrating Defendant Regional Director Asmerom's discriminatory animus, Plaintiff's 2013 review unjustifiably documented and/or commented on Plaintiff's performance in 2012.

v. Additionally, the day after Plaintiff received her annual review (in or around March 2014), Defendant Regional Director Asmerom and her manager, Mr. George North, also unjustifiably told Plaintiff she was **"not doing [her] job efficiently"** and that she **"may need to find different work."** Plaintiff believes

and herein alleges the aforesaid comments were motivated by her disabilities and/or need for accommodations or protected medical leave.

vi. Moreover, in direct contravention of Defendant Intercontinental Hotels' company policy, Defendant Regional Director Asmerom frequently required Plaintiff to use personal and/or vacation time to undergo necessary medical treatment.

vii. Defendant Regional Director Asmerom also ordered Plaintiff to submit timecards for the hours she was at the doctor's office. Based on information and belief, during the time Plaintiff was employed, Defendant Intercontinental Hotels' policy did not require salaried employees, including Plaintiff, to submit timecards for such *partial* days off.

72. The CFRA generally declares:

> It shall be an unlawful employment practice for any employer to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave.

73. C.C.R § 11089(a) declares, "Upon granting the CFRA leave, the employer shall guarantee to reinstate the employee to the same or a comparable position, subject to the defenses permitted by section 11089(c)(1) and (c)(2), and shall provide the guarantee in writing upon request of the employee."

74. C.C.R. § 11094(a) also declares, "It shall be an unlawful employment practice for any person to discriminate or retaliate against any individual, because that individual has exercised the right to CFRA leave."

75. As alleged herein, as a result of Plaintiff requesting and/or taking CFRA leave, Defendant Intercontinental Hotels retaliated against and terminated her employment on or about May 13, 2015.

76. In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff requesting and/or taking protected leave pursuant to the CFRA.

77. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to Cal. Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted her administrative remedies under the Cal. Government Code.

78. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered and/or may be rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered and/or may suffer, among other things, numerous internal injuries, severe fright, shock, pain, discomfort, and/or anxiety.

79. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, she may be and/or will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

80. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

81. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused and/or may be caused, and did suffer and/or may suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

82. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

83. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

84. As a result of the discriminatory and retaliatory acts of Defendants and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

85. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

///

///

///

///

V.

## FIFTH CAUSE OF ACTION

**Failure to Engage in the Mandatory Good-Faith Interactive Process**

**[California Government Code § 12940(n)]**

**Against Defendant INTERCONTINENTAL HOTELS & DOES 1 Through 100, Only**

86. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

87. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because she was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: severe and/or debilitating carpal tunnel syndrome, among other related disabilities/conditions.

88. At all times relevant herein, Defendant Intercontinental Hotels failed to engage in a good-faith interactive process with Plaintiff to determine whether it would be possible to implement effective reasonable accommodations as required by Cal. Gov. Code § 12940(n).

89. California Gov. Code § 12940(n) generally provides that it is an unlawful employment practice for an employer or other entity covered by the FEHA to fail to engage in a timely, good-faith, interactive process with the employee to determine effective reasonable accommodations, if any, for an employee with a known physical or mental disability or known medical condition.

90. Plaintiff is informed, believes, and herein alleges that Defendant Intercontinental Hotels was an "employer" pursuant to Cal. Gov. Code §§ 12900 et seq. and therefore a covered entity.

91. At all times relevant herein, Plaintiff was an employee of Defendant Intercontinental Hotels.

92. At all times relevant herein, Plaintiff had a physical limitation resulting from severe and/or debilitating symptoms of the carpal tunnel she suffered from, which were known to Defendant Intercontinental Hotels, as aforesaid.

93. At all times relevant herein, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made.

94. Pursuant to Cal. Code of Regulations ("CCR") § 11069(b)(2), an employer or other covered entity shall initiate an interactive process when the employer or other covered entity otherwise becomes aware of the need for an accommodation through a third party or by observation.

95. At all times relevant herein, Defendant Intercontinental Hotels was aware and/or had notice of Plaintiff's disabilities and/or need for accommodations pursuant to CCR § 11069(b)(2). Defendant Intercontinental Hotels acquired notice through the following, among others:

a) Plaintiff exchanged numerous emails with Defendant Regional Manager Asmerom, among other supervisory personnel, regarding her disability, required accommodations, and medical leave.

b) Plaintiff also submitted numerous work status reports detailing the extent of her disability and resultant work restrictions/accommodations she required.

96. However, despite its duty to do so, Defendant Intercontinental Hotels failed to timely initiate and thereafter participate in a good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made.

97. Defendant Intercontinental Hotels' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

98. In doing the acts alleged herein, Defendant Intercontinental Hotels and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

99. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted her administrative remedies under the California Government Code.

100. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered and/or may be rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered and/or may suffer, among other things, numerous internal injuries, severe fright, shock, pain, discomfort, and/or anxiety.

101. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, she may be and/or will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

102. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been and/or will be unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will and/or may be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

103. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused and/or may be caused, and did suffer and/or may suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

104. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, thereby justifying the

awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

105. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

106. As a result of Defendant Intercontinental Hotels' failure to initiate and participate in the good-faith interactive process, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

107. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**VI.**

**SIXTH CAUSE OF ACTION**

**Failure to Provide Reasonable Accommodations**

**[California Government Code § 12940(m)]**

**Against Defendant INTERCONTINENTAL HOTELS & DOES 1 Through 100, Only**

108. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

109. At all times relevant herein, Defendant Intercontinental Hotels failed to reasonably accommodate Plaintiff's injuries and/or disabilities as required by Cal. Gov. Code § 12940(m).

110. For example, as indicated by Plaintiff's numerous Work Status Reports issued by her treating doctors or physicians, Plaintiff was instructed to limit her typing to a certain number of hours per workday. Plaintiff was also instructed to take additional rest periods as needed to incorporate stretches to alleviate the pain caused by her carpal tunnel syndrome.

111. However, at least through the time of Plaintiff's wrongful termination, Defendant Intercontinental Hotels failed to provide Plaintiff with said accommodations, or any other accommodations, such as finite medical leave.

112. Instead, Defendant Intercontinental Hotels first forced Plaintiff out on unpaid leave beginning in or around December 2014 and then terminated her employment on or about May 13, 2015 without providing her reasonable accommodations and/or even attempting to do so.

113. Cal. Gov. Code § 12940(m) provides that it is an unlawful employment practice for an employer or other entity covered by this part to fail to make reasonable accommodations for the known physical or mental disability of an applicant or employee.

114. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because she was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: severe and/or debilitating carpal tunnel syndrome, among other related disabilities/conditions.

115. Plaintiff is informed, believes, and herein alleges that Defendant Intercontinental Hotels was an "employer" pursuant to Cal. Gov. Code §§ 12900 et seq. and therefore a covered entity.

116. At all times relevant herein, Plaintiff was an employee of Defendant Intercontinental Hotels.

117. At all times relevant herein, Defendant Intercontinental Hotels was aware and/or had notice of Plaintiff's injuries and/or disabilities and/or need for accommodations pursuant to CCR § 11069(b)(2). Defendant Intercontinental Hotels acquired notice through the following, among others:

a) Plaintiff exchanged numerous emails with Defendant Regional Manager Asmerom, among other supervisory personnel, regarding her disability, required accommodations, and medical leave.

b) Plaintiff also submitted numerous work status reports detailing the extent of her disability and resultant work restrictions/accommodations she required.

118. At all times relevant herein, Plaintiff was able to perform the essential job duties with reasonable accommodations for her disabilities.

119. Plaintiff was harmed as a result of Defendant Intercontinental Hotels' failure to provide reasonable accommodations.

120. Defendant Intercontinental Hotels' failure to provide reasonable accommodations was a substantial factor in causing Plaintiff's harm.

121. In doing the acts alleged herein, Defendant Intercontinental Hotels and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

122. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted her administrative remedies under the California Government Code.

123. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered and/or may be rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered and/or may suffer, among other things, numerous internal injuries, severe fright, shock, pain, discomfort, and/or anxiety.

124. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, she may be and/or will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

125. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been and/or will be unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will and/or may be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

126. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused and/or may be caused, and did suffer and/or may suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

127. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

128. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

129. As a result of Defendant Intercontinental Hotels' failure to initiate and participate in the good-faith interactive process, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b)

130. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

///

///

///

///

## VII.

## SEVENTH CAUSE OF ACTION

**Failure Retaliation & Wrongful Termination in Violation of Public Policy**

**Against Defendants INTERCONTINENTAL HOTELS & DOES 1 Through 100, Only**

131. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

132. Plaintiff was retaliated against and wrongfully terminated from her employment on or about May 13, 2015 due to her actual/perceived disabilities, need for accommodations, and/or need for legally protected medical leave.

133. At least through May 20, 2015, and continuing, Defendant Intercontinental Hotels failed and/or refused to rehire/reinstate Plaintiff and/or offer her employment in any capacity.

134. As such, Plaintiff was retaliated against and discharged from her employment for reasons that violate a public policy(s).

135. At all times relevant herein, Plaintiff was employed by Defendant Intercontinental Hotels.

136. As alleged herein, Defendant Intercontinental Hotels discharged Plaintiff from her employment.

137. Plaintiff's wrongful discharge caused and continues to cause Plaintiff emotional, mental, and/or physical harm.

138. At all times herein mentioned, the public policy of the State of California, as codified, expressed, and mandated by California Government Code §§ 12920 and 12940 et seq., was to prohibit employers from harassing, discriminating, and retaliating against and/or wrongfully terminating any individual on the grounds of their actual/perceived disabilities, need for reasonable accommodations, and/or need for legally protected medical leave. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

139. At all times herein mentioned, the public policy of the State of California, as codified, expressed, and mandated by Cal. Government Code § 12940(m), was to prohibit employers from

failing to provide its disabled employees with reasonable accommodations. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

140. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940(n), was to prohibit employers from failing to engage in the mandatory good-faith interactive process with disabled employees to determine the extent of their disabilities and determine how they could be reasonably accommodated. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

141. Accordingly, the actions of Defendants and DOES 1 through 100, in retaliating and wrongfully terminating Plaintiff on the grounds alleged and described herein were wrongful and fail to promote the welfare and well-being of the community at large.

142. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered and/or may be rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered and/or may suffer, among other things, numerous internal injuries, severe fright, shock, pain, discomfort, and/or anxiety.

143. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, she may be and/or will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

144. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been and/or will be unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will and/or may be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in

the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

145. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused and/or may be caused, and did suffer and/or may suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

146. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

147. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

148. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

///

///

///

///

///

VIII.

## EIGHTH CAUSE OF ACTION

**Failure Intentional Infliction of Emotional Distress**

**Against All Defendants & DOES 1 Through 100, Inclusive**

149. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

150. The aforesaid conduct of Defendants, and each of them, was so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized society, and intended to cause and actually did cause Plaintiff to suffer severe emotional distress.

151. For example, as alleged, on a severe and/or pervasive basis continuing at least through the time of Plaintiff's wrongful termination on or about May 13, 2015, and continuing, Defendants and DOES 1 through 100, and each of them, harassed, discriminated, and/or retaliated against Plaintiff due to and substantially motivated by Plaintiff's actual and/or perceived disabilities and need for accommodations (including protected medical leave) through the following actions, including discriminatory personnel management actions and decisions, among others:

a) Upon receiving notice of Plaintiff's disabilities and resultant need for protected medical leave. Defendant Regional Director Asmerom egregiously asked Plaintiff, **"Can you take any of these appointments on your own time?"**

b) Defendant Regional Director Asmerom also sent Plaintiff harassing emails in which she consistently questioned Plaintiff's ability to work and use her computer mouse. For example, in one email she sent Plaintiff, Defendant Regional Director Asmerom dismissively wrote, **"Our business depends on all outputs to be done during work hours and that you are available during work hours."**

c) After Plaintiff complained about Defendant Regional Director Asmerom's harassing behavior to Employee Relations Manager, Ms. Natasha Mays, Ms. Mays shockingly responded, **"Maybe the reason Saba (Asmerom) treats you differently is because you're out of the office frequently with doctor's appointments and therapy**

**sessions."** Such comments further subjected Plaintiff to a hostile, harassing work environment.

d) Additionally, despite awarding Plaintiff multiple Bravo! awards in June *and* August 2013 commending Plaintiff for her leadership and also her skill in the PERFORM activation process, Defendant Regional Director Asmerom egregiously issued her a negative 2013 Annual Review. Further demonstrating Defendant Regional Director Asmerom's discriminatory animus, Plaintiff's 2013 review unjustifiably documented and/or commented on Plaintiff's performance in 2012.

e) Additionally, the day after Plaintiff received her annual review (in or around March 2014), Defendant Regional Director Asmerom and her manager, Mr. George North, also unjustifiably told Plaintiff she was **"not doing [her] job efficiently"** and that she **"may need to find different work."** Plaintiff believes and herein alleges the aforesaid comments were motivated by her disabilities and/or need for accommodations or protected medical leave.

f) Moreover, in direct contravention of Defendant Intercontinental Hotels' company policy, Defendant Regional Director Asmerom frequently required Plaintiff to use personal and/or vacation time to undergo necessary medical treatment.

g) Defendant Regional Director Asmerom also ordered Plaintiff to submit timecards for the hours she was at the doctor's office. Based on information and belief, during the time Plaintiff was employed, Defendant Intercontinental Hotels' policy did not require salaried employees, including Plaintiff, to submit timecards for such *partial* days off.

h) Defendant Intercontinental Hotels forced Plaintiff out on unpaid leave beginning in or around December 2014.

i) Beginning in or around February 2015, despite having notice of Plaintiff's ability to return to her former position and/or any other available position, Defendant Intercontinental Hotels failed to reinstate Plaintiff and/or offer her employment in any capacity.

j) Defendant Intercontinental Hotels terminated Plaintiff's employment on or about May 13, 2015.

k) At least through May 20, 2015, and continuing, Defendant Intercontinental Hotels failed to rehire Plaintiff and/or make an offer for her to be reinstated to her former position or any other available position.

l) Plaintiff was treated differently, disparately, and/or negatively because of her actual/perceived disabilities and need for medical accommodations, including Defendants subjecting Plaintiff to harassing statements and/or conduct on a severe and/or pervasive basis, denying her opportunities, subjecting Plaintiff to disparate working terms and conditions, issuing Plaintiff biased performance evaluations and/or reviews, failing to accommodate Plaintiff, forcing Plaintiff out on unpaid leave, wrongfully terminating Plaintiff, and/or failing and/or refusing to rehire Plaintiff and/or offer her employment in any capacity.

m) At all times relevant herein, Defendant Intercontinental Hotels failed to engage in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and how she could be accommodated as required by Cal. Gov. Code § 12940(n).

n) At all times relevant herein, Defendant Intercontinental Hotels failed to provide Plaintiff with reasonable accommodations as required by Cal. Gov. Code § 12940(m).

152. Defendants and DOES 1 through 100, and each of them, intended to cause and did cause Plaintiff severe emotional distress as a result of the aforesaid unlawful conduct.

153. Plaintiff did not consent to Defendants' conduct and said conduct was unprivileged.

154. Defendants' conduct caused and continues to cause Plaintiff severe emotional distress.

155. At all times herein relevant, Defendant Regional Director Asmerom was acting within the course and scope of her employment with Defendant Intercontinental Hotels. As such, Defendant Intercontinental Hotels is liable for the aforesaid acts of Defendant Regional Director Asmerom.

156. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered and/or may be rendered sick, sore, lame, disabled and/or disordered,

both internally and externally, and/or suffered and/or may suffer, among other things, numerous internal injuries, severe fright, shock, pain, discomfort, and/or anxiety.

157. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, she may be and/or will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

158. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been and/or will be unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will and/or may be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

159. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused and/or may be caused, and did suffer and/or may suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

160. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Intercontinental Hotels and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

161. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

162. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**IX.**

**NINTH CAUSE OF ACTION**

**For Failure to Provide Employee Personnel Files**

**[California Labor Code §§ 432 and 1198.5]**

**Against Defendants INTERCONTINENTAL HOTELS & DOES 1 Through 100, Only**

163. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

164. Through her counsel, on or about May 15, 2014 and again on or about August 12, 2014, Plaintiff sent a written request to receive copies of her employee personnel file and any instruments she signed during her employment with Defendant Intercontinental Hotels.

165. California Labor Code § 432 declares that if an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request.

166. Further, California Labor Code § 1198.5(a) declares that every employee has the right to inspect the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

167. Defendant Intercontinental Hotels failed to abide by Section 1198.5(a) as it failed to provide Plaintiff with the opportunity to inspect her personnel records after she made a request.

168. Defendant Intercontinental Hotels also failed to abide by Section 432 and provide Plaintiff with copies of any instruments she signed.

169. Plaintiff's May 15, 2014 specifically stated: "Please contact Reisner & King LLP to provide Ms. Waddell with the date, time, and location of where she may inspect her personnel files. Alternatively, Ms. Waddell is willing to accept a copy of her personnel file in lieu of inspection on your premises. . . . Furthermore, if there are copy charges, please send our office a copy of the invoice so we may pay the charges."

170. However, Defendant Intercontinental Hotels failed to contact Plaintiff or her counsel within the statutorily prescribed time and also failed to provide a date for inspection of said files.

171. As such, Plaintiff is entitled to the remedies and penalties provided by Cal. Labor Code § 1198.5(k), which declares:

> If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer.

172. Plaintiff is also entitled to costs and attorney's fees for instituting this action pursuant to Cal. Labor Code § 1198.5(l).

173. Plaintiff also prays for damages and remedies as this Court deems appropriate.

## X.

## TENTH CAUSE OF ACTION

**For Failure to Provide Wage & Hour Statements**

**[California Labor Code § 226 et seq.]**

**Against Defendants INTERCONTINENTAL HOTELS & DOES 1 Through 100, Only**

174. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

175. Through her counsel, on or about May 15, 2014 and again on or about August 12, 2014, Plaintiff sent a written request to inspect her wage and hour statements.

176. Plaintiff was also willing to accept copies of her statements at her expense.

177. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code § 226(b) declares that an employer that is required by this code to keep the information required by subdivision (a) – including the hours

worked and wages earned – shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.

178. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code § 226(c) declares that an employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

179. Defendant Intercontinental Hotels failed to abide by Section 226, as it failed to provide Plaintiff with the opportunity to inspect said files after she made a written request.

180. Plaintiff's May 15, 2014 letter specifically stated: "Please contact Reisner & King LLP to provide Ms. Waddell with the date, time, and location of where she may inspect her personnel files. Alternatively, Ms. Waddell is willing to accept a copy of her personnel file in lieu of inspection on your premises. . . . Furthermore, if there are copy charges, please send our office a copy of the invoice so we may pay the charges."

181. However, Defendant Intercontinental Hotels failed to contact Plaintiff or her counsel within the statutorily prescribed time and failed to provide a date for inspection of Plaintiff's wage and hour statements

182. Defendant Intercontinental Hotels failed to abide Section 226, as it failed to allow Plaintiff the opportunity to inspect and/or copy said wage and hour statements.

183. As such, Plaintiff is entitled to the remedies and penalties provided by Cal. Labor Code § 226(f), which declares:

> A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer.

184. Plaintiff is also entitled to costs and attorney's fees for instituting this action pursuant to Cal. Labor Code § 226(h).

WHEREFORE, PLAINTIFF CAMILLA WADDELL prays for judgment against the Defendants, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For special damages in an amount within the jurisdictional limits of this Court;
3. For medical expenses and related items of expense, according to proof;
4. For loss of earnings, according to proof;
5. For consequential and incidental damages according to proof;
6. For declaratory relief;
7. For injunctive relief;
8. For damages, penalties, reasonable attorney's fees, and costs of suit as provided for by California Government Code § 12965(b);
9. For damages, penalties, reasonable attorney's fees, and costs of suit as provided for by California Civil Code § 3294(a) and (b);
10. For damages, penalties, reasonable attorney's fees, and costs of suit as provided for by California Civil Code § 3333;
11. For damages, penalties, and/or reasonable attorney's fees, and costs of suit against Defendant Intercontinental Hotels as provided for by California Labor Code §§ 1198.5(k), (l);
12. For damages, penalties, reasonable attorney's fees, and costs of suit against Defendant Intercontinental Hotels as provided for by California Labor Code §§ 226 (f), (h);
13. For such other and further relief as the Court may deem just and proper.

Dated: May 20, 2015

**REISNER & KING LLP**

By: ______________________
ARTHUR SEZGIN, ESQ.
Attorneys for PLAINTIFF
CAMILLA WADDELL

05/21/2015

**EXHIBIT A**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

February 20, 2015

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 488827-147286
Right to Sue: Waddell / Six Continents Hotels, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

EX A

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
Camilla Waddell, Complainant.
Reisner And King LLP 14724 Ventura Blvd., Suite 1210
Sherman Oaks California 91403

DFEH No. 488827-147286

vs.

Six Continents Hotels, Inc. Respondent.
Three Ravinia Drive
Atlanta, Georgia 30346

Complainant alleges:

1. Respondent **Six Continents Hotels, Inc.** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **February 20, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Demoted, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied equal pay, Denied family care or medical leave, Denied or forced to transfer, Denied reasonable accommodation, Denied reinstatement, Terminated, Other, Unjust discipline, unjust discipline, failure to investigate and take appropriate remedial action, failure to accommodate, failure to adjust pro rata performance standards and goals, failure to return Ms. Waddell to work.** Complainant believes respondent committed these actions because of their: **Age - 40 and over, Association with a member of a protected class, Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - including Cancer, Other protesting, complaining, actual and perceived disability, CFRA and FEHA protected medical leave.**

3. Complainant **Camilla Waddell** resides in the City of **Sherman Oaks**, State of **California**. If complaint includes co-respondents please see below.

**Co-Respondents:**

Intercontinental Hotels Group

9733 Topanga Cyn Blvd. Ste 440
Chatsworth California 913[illegible]

Saba Asmerom
3 Ravinia Dt. Ste 100
Atlanta Georgia 30346

**Additional Complaint Details:**

Ms. Waddell has been employed by Intercontinental Hotels as a Statistical Analyst for approximately six (6) years beginning on or about March 17, 2008 and continuing through May 15, 2014 and continuing through the present time February 20, 2015. Despite years of her recognized hard work and loyalty to Intercontinental Hotels, beginning in or around November 2013 and continuing through the present time, Ms. Waddell has been harassed, discriminated, and retaliated against by her supervisor, Regional Manager Saba Asmerom, as a result of her age, disabilities and/or need for legally protected medical leave. Beginning in or around November 2013, immediately upon notifying Manager Asmerom of her disabilities (carpal tunnel syndrome) and need for treatment, Ms. Waddell was retaliated against and has continually been subjected to a hostile work environment and disparate working terms and conditions. Ms. Waddell multiple Bravo! awards in June and August 2013 commending Ms. Waddell for her leadership and also her skill in the PERFORM activation process, Manager Asmerom issued Ms. Waddell a negative 2013 Annual Review. Demonstrating Manager Asmeroms retaliatory animus, Ms. Waddells 2013 review actually documented and/or commented on Ms. Waddells performance in 2012 not just 2013. Defendants failed to adjust Ms. Waddells performance standards and goals, and instead unjustly disciplined and afforded negative criticism in her reviews, including on March 7, 2014, and continuing. In contravention of Intercontinental Hotels company policy, Manager Asmerom frequently required (and still requires) Ms. Waddell to use personal and/or vacation time to undergo necessary medical treatment. For example, Manager Asmerom orders Ms. Waddell to submit timecards for the hours she is at the doctors office receiving treatment. Notably, however, Intercontinental Hotels policy does not require salaried employees, including Ms. Waddell, to submit timecards for such partial days off. Manager Asmerom also egregiously asked Ms. Waddell, Can you take any of these appointments on your own time? Demonstrating Manager Asmeroms discriminatory animus against Ms. Waddell, after Ms. Waddell complained about Manager Asmeroms harassing behavior to Employee Relations Manager, Ms. Natasha Mays, Ms. Mays shockingly responded, Maybe the reason Saba (Asmerom) treats you differently is because youre out of the office frequently with doctors appointments and therapy sessions. Such statements provide direct evidence of Manager Asmeroms discriminatory animus against Ms. Waddell due to her disabilities and/or need for medical treatment. Ms. Waddell was (and is still being) harassed, discriminated, and retaliated against by Intercontinental Hotels and Manager Asmerom due to her disabilities, need for accommodations, and/or need for legally protected medical leave. Notably, Manager Asmeroms unlawful behavior started immediately upon Ms. Waddell notifying her of her disabilities and need for treatment.After receiving notice of Ms. Waddells need for protected medical leave, Manager Asmerom egregiously asked Ms. Waddell, Can you take any of these appointments on your own time? Manager Asmerom also sent Ms. Waddell harassing emails in which she consistently questioned

Ms. Waddells ability to work and use her mouse. For example, in one of the emails sent to Ms. Waddell, Manager Asmerom wrote, Our business depends on all outputs to be done during work hours and that you are available during work hours.Directly evidencing Manager Asmeroms discriminatory animus against Ms. Waddell, after Ms. Waddell complained about Manager Asmeroms harassing behavior to Employee Relations Manager, Ms. Natasha Mays, Ms. Mays shockingly responded, Maybe the reason Saba (Asmerom) treats you differently is because youre out of the office frequently with doctors appointments and therapy sessions. Additionally, despite awarding Ms. Waddell multiple Bravo! awards in June and August 2013 commending Ms. Waddell for her leadership and also her skill in the PERFORM activation process, Manager Asmerom egregiously issued her a negative 2013 Annual Review. However, demonstrating Manager Asmeroms retaliatory animus, Ms. Waddells 2013 review actually documented and/or commented on Ms. Waddells performance in 2012, e.g. Ms. Waddells work and/or participation with the Toast Masters workshop. Moreover, the day after Ms. Waddell received her annual review (in or around March 2014), Manager Asmerom and her manager, Mr. George North, also unjustifiably told Ms. Waddell she purportedly was not doing [her] job efficiently and that she may need to find different work. However, despite such contentions, Intercontinental Hotels decision to award Ms. Waddell two Bravo' awards in 2013 and a positive mid-year review for 2013 suggests otherwise.Moreover, in contravention of Intercontinental Hotels company policy, Manager Asmerom frequently required (and still requires) Ms. Waddell to use personal and/or vacation time to undergo necessary medical treatment. Manager Asmerom orders Ms. Waddell to submit timecards for the hours she is at the doctors office. Notably, however, Intercontinental Hotels policy does not require salaried employees, including Ms. Waddell, to submit timecards for such partial days off. Notably, under California law, the close temporal proximity between Ms. Waddell notifying her employer of her disabilities (including her need for accommodations/medical leave) and the subsequent adverse employment actions documented above provides strong evidence of Intercontinental Hotels and Manager Asmeroms discriminatory animus against Ms. Waddell due to her disabilities and/or need for protected medical leave. Despite its duty under the FEHA, at no time did Intercontinental Hotels engage in the mandatory good faith interactive process to determine the nature and extent of Ms. Waddells disability(s) and how she can be accommodated. As stated above, Ms. Waddell notified Manager Asmerom and Ms. Mays of her disabilities and need for treatment on numerous occasions. However, despite its undeniable knowledge of Ms. Waddells disabilities, Intercontinental Hotels failed to initiate and thereafter participate in the good-faith interactive process. As Intercontinental Hotels is aware, Ms. Waddell has medical restrictions which require her to take a brief five (5) minute break for every thirty (30) minutes she works. However, Ms. Waddell has frequently been forced to work beyond such restrictions, in violation of the FEHA. Additionally, under Hanson, supra, Ms. Waddell is entitled to finite medical leave as an additional form of a reasonable accommodation. However, as stated above, Manager Asmerom frequently requires Ms. Waddell to use her personal time for doctors appointments. Ms. Waddell was also discriminated and retaliated against by Intercontinental Hotels through the aforesaid conduct for requesting and/or taking legally protected medical or family care leave. By

doing so, however, Intercontinental Hotels was in violation of the CFRA, which declares that it shall be an unlawful employment practice for an employer to, among other things, discriminate and retaliate against any individual because of an individuals exercise of the right to family care and medical leave. Ms. Waddell protested and complained including my letter in May 2014, but Intercontinental Hotels failed to return Ms. Waddell to work through February 20, 2015, failed to reinstate, failed to investigate and take appropriate remedial action.

VERIFICATION

I, **Adam Reisner**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On February 20, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks, California**
**Adam Reisner**



Date Filed: February 20, 2015

05/21/2015

EXHIBIT 5

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

February 20, 2015

Camilla Waddell
Reisner And King LLP 14724 Ventura Blvd., Suite 1210
Sherman Oaks California 91403

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 488827-147286
Right to Sue: Waddell / Six Continents Hotels, Inc.

Dear Camilla Waddell,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 20, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

05/21/2015

Ex B

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH
2218 Kausen Drve, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc: Intercontinental Hotels Group

Saba Asmerom

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Adam Reisner, Esq. SBN: 204351
REISNER & KING
14724 Ventura Blvd., Suite 1210, Sherman Oaks, CA 91403
TELEPHONE NO.: (818) 981-0901 FAX NO.: (818) 981-0902
ATTORNEY FOR (Name): Camilla Waddell

FOR COURT USE ONLY

FILED
Superior Court Of California
County Of Los Angeles
MAY 21 2015
Sherri R. Carter, Executive Officer/Clerk
By Judi Lara, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse on Hill St.

CASE NAME: WADDELL v. SIX CONTINENTS HOTEL, INC., et al

## CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC 582452
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Ten (10)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 21, 2015
Arthur Sezgin, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| SHORT TITLE: WADDELL v. SIX CONTINENTS HOTEL, INC., et al | CASE NUMBER BC 5 8 2 4 5 2 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 7-10 ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

SHORT TITLE: WADDELL v. SIX CONTINENTS HOTEL, INC., et al | CASE NUMBER

| Group | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: WADDELL v. SIX CONTINENTS HOTEL, INC., et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: WADDELL v. SIX CONTINENTS HOTEL, INC., et al | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br>☒1. ☒2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | ADDRESS:<br>9733 Topanga Canyon Boulevard, Suite 440 |
|---|---|---|
| CITY:<br>Chatsworth | STATE:<br>CA | ZIP CODE:<br>91311 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: May 21, 2015

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT 2

42

FILED
LOS ANGELES SUPERIOR COURT

MAY 22 2015

SHERRI R. CARTER, CLERK
BY: BRENDA CHAVEZ, DEPUTY

NOTICE SENT TO:

Reisner & King LLP
14724 Ventura Blvd., Suite 1210
Sherman Oaks, CA 91403

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CAMILLA WADDELL
Plaintiff(s),
VS.
SIX CONTINENTS HOTEL INC ET AL
Defendant(s).

CASE NUMBER
BC582452

**ORDER TO SHOW CAUSE HEARING**
AND CASE MANAGEMENT CONFERENCE

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on October 5, 2015 at 8:30 am in Dept. 42 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [✓] Summons and [✓] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [✓] Clerk's Office, Room 102 at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[✓] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: May 22, 2015

HOLLY E. KENDIG
Judicial Officer

**CERTIFICATE OF MAILING**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: May 22, 2015

Sherri R. Carter, EXECUTIVE OFFICER/CLERK

By __________, Deputy Clerk

# EXHIBIT 3

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*:<br>**Reisner & King**<br>**14724 Ventura Blvd Suite 1210**<br>**Sherman Oaks, CA 91403**<br>TELEPHONE NO.: **818-981-0901** FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **CAMILLA WADDELL** | *FOR COURT USE ONLY*<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>JUN 10 2015<br>Sherri R. Carter, Executive Officer/Clerk<br>By ______, Deputy<br>Glorietta Robinson |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: **111 North Hill Street**<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: **Los Angeles 90012**<br>BRANCH NAME: **Central District, Stanley Mosk Courthouse** | |
| PLAINTIFF/PETITIONER: **CAMILLA WADDELL** | CASE NUMBER:<br>**BC582452** |
| DEFENDANT/RESPONDENT: **SIX CONTINENTS HOTEL, INC.** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**WADDELL v. SIX CONTINENTS** |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents)*:
**SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE HEARING; NOTICE OF CASE ASSIGNMENT; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS**

3. a. Party served *(specify name of party as shown on documents served)*:
**INTERCONTINENTAL HOTELS GROUP, INC., A CALIFORNIA CORPORATION**

b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a )*:
**Kirstin Edralin, PROCESS SPECIALIST, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by verbal communication, an Asian female approx. 18-25 years of age, 5'4"-5'6" tall, weighing 80-120 lbs with brown hair.**

4. Address where the party was served:
**CT CORPORATION SYSTEM, 818 W SEVENTH ST, SUITE 930, LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*

a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **06/05/2015** at *(time)*: **1:35 PM**

b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

(3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

(4) [ ] I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.

(5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: CAMILLA WADDELL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SIX CONTINENTS HOTEL, INC. | BC582452 |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* Intercontinental Hotel Group, Inc A California Corporation

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**

a. Name: **Mario Lopez**
b. Address: **201 South Figueroa Street, Suite 100, Los Angeles, CA 90012**
c. Telephone number: **213-621-9999**
d. The fee for service was: **$ 59.50**
e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ registered California process server:

(i) ☐ owner ☐ employee ☒ independent contractor. For: **ABC Legal Services, Inc.**

(ii) ☒ Registration No.: **5986** Registration #: **6779**

(iii) ☒ County: **Los Angeles** County: **Los Angeles**

**BY FAX**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 4/9/15

**Mario Lopez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

[signature]
(SIGNATURE)



**PROOF OF SERVICE OF SUMMONS**

REF: **WADDELL v. SIX CONTINENTS**

Tracking #: **0007311841**

# EXHIBIT 4

SEYFARTH SHAW LLP
Michael J. Burns (SBN 172614)
mburns@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Elizabeth M. Levy (SBN 268926)
elevy@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
SIX CONTINENTS HOTELS, INC. (erroneously sued as SIX CONTINENTS HOTEL, INC.) SABA ASMEROM and INTERCONTINENTAL HOTEL GROUP RESOURCES, INC. (erroneously sued as INTERCONTINENTAL HOTELS GROUP, INC.)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 15 2015

Sherri R. Carter, Executive Officer/Clerk
By Anabella Figueroa, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CAMILLA WADDELL,<br><br>Plaintiff,<br><br>v.<br><br>SIX CONTINENTS HOTEL, INC., a California corporation; INTERCONTINENTAL HOTELS GROUP, INC., a California corporation; SABA ASMEROM, an individual; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No. BC582452<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Date Action Filed: May 21, 2015 |

SIX CONTINENTS HOTELS, INC., (erroneously sued as SIX CONTINENTS HOTEL, INC. INTERCONTINENTAL HOTEL GROUP RESOURCES, INC. (erroneously sued as INTERCONTINENTAL HOTELS GROUP, INC.) and SABA ASMEROM (hereinafter

"DEFENDANTS") hereby answer the unverified Complaint for Damages of CAMILLA WADDELL ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally deny each and every allegation in the Complaint. In further answer to the Complaint, Defendants deny that Plaintiff has suffered any injury, damage or loss in any nature or manner whatsoever by reason of any act or omission of Defendants.

## SEPARATE DEFENSES

In further answer to Plaintiff's complaint, Defendants allege the following additional separate defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST SEPARATE DEFENSE

(Failure to State a Cause of Action – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendants.

## SECOND SEPARATE DEFENSE

(Fictitious & Improper Defendant – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action therein, is barred to the extent Plaintiff failed to name and serve the correct employer. Six Continents Hotels, Inc. was erroneously sued as Six Continents Hotel, Inc. Plaintiff was employed by Six Continents Hotels, Inc. Defendants InterContinental Hotel Group Resources, Inc. (erroneously sued as InterContinental Hotels Group, Inc.) and Saba Asmerom did not employ Plaintiff. Defendants are unaware of an entity named "InterContinental Hotels Group, Inc." and do not believe such a legal entity exists. InterContinental Hotels Group is the name of a trade organization of which Six Continents Hotels, Inc. is a member.

## THIRD SEPARATE DEFENSE

(No Injury – All Causes of Action)

Plaintiff sustained no injuries, damages or loss by reason of any act of Defendants.

**FOURTH SEPARATE DEFENSE**

(Statute of Limitations – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff seeks relief for any claim that did not accrue within the applicable statute of limitations period before the commencement of this action, including, but not limited to, California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, 343 and California Government Code sections 12960 and 12965.

**FIFTH SEPARATE DEFENSE**

(Failure to Exhaust Administrative Remedies – First, Second, Third, Fourth, Fifth, Sixth, Ninth and Tenth Causes of Action)

Defendants are informed and believe that Plaintiff's claim is barred for failure to exhaust her administrative remedies under applicable California law, including but not limited to, the California Fair Employment and Housing Act and the California Labor Code.

**SIXTH SEPARATE DEFENSE**

(Consent – All Causes of Action)

Assuming that Defendants engaged in the conduct attributed to them, which they deny, Plaintiff consented to such conduct.

**SEVENTH SEPARATE DEFENSE**

(Estoppel – All Causes of Action)

Defendants are informed and believe that Plaintiff is equitably estopped from asserting her claims for relief because Plaintiff has by her own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of Defendants of which she now complains.

**EIGHTH SEPARATE DEFENSE**

(Laches – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

**NINTH SEPARATE DEFENSE**

(Privilege/Justification – All Causes of Action)

Assuming arguendo that any of the actions alleged in the Complaint were taken by Defendants, such actions were at all times privileged or justified.

**TENTH SEPARATE DEFENSE**

(Ratification – All Causes of Action)

Plaintiff's claims are barred in whole or in part because any conduct by Defendants was ratified by Plaintiff.

**ELEVENTH SEPARATE DEFENSE**

(Unclean Hands – All Causes of Action)

Plaintiff's claims are barred to the extent she has unclean hands.

**TWELFTH SEPARATE DEFENSE**

(Waiver – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**THIRTEENTH SEPARATE DEFENSE**

(After-Acquired Evidence – All Causes of Action)

Plaintiff's claims are barred to the extent that Plaintiff engaged in misconduct which would have justified any adverse action by Defendants even if Defendants were unaware of the conduct.

**FOURTEENTH SEPARATE DEFENSE**

(Failure to Mitigate Damages – First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

Plaintiff is not entitled to back pay and/or other damages, to the extent that she failed to seek and obtain other employment and otherwise failed to mitigate her alleged loss of wages or other damages.

**FIFTEENTH SEPARATE DEFENSE**

(Management Discretion – First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

Any and all conduct of which Plaintiff complains or which was attributed to Defendants was a just and proper exercise of management discretion on the part of Defendants undertaken for a fair and honest reason other than Plaintiff's purported disability and/or any other protected characteristic.

**SIXTEENTH SEPARATE DEFENSE**

(Reasonable Investigation – First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

Any statements or actions alleged by Plaintiff to have been made or done by Defendants, if made or done, were made or done after investigation and on the basis of reasonable grounds for belief in their truth and correctness, with an honest belief in their truth and correctness, and in good faith and without malice.

**SEVENTEENTH SEPARATE DEFENSE**

(Good Faith – All Causes of Action)

Assuming, arguendo, that any of the actions alleged in the Complaint were taken by Defendants, such actions were taken in good faith and were a lawful exercise of sound discretion of Defendants' legal rights, and were based on a rational, reasonable consideration of the facts.

**EIGHTEENTH SEPARATE DEFENSE**

(Action In Accordance With Applicable Law and Employer Policies – All Causes of Action)

If Defendants engaged in the acts complained of in Plaintiff's Complaint, which it denies, then such acts were privileged, justified and/or taken in accordance with applicable law and/or Defendants' policies and procedures.

**NINETEENTH SEPARATE DEFENSE**

(Any Actions Would Have Been Taken In Any Event – First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

The damages Plaintiff seeks are barred in whole or in part because any employment actions taken by Defendants against Plaintiff would have been taken in any event regardless of her purported disability and/or any other protected characteristic.

**TWENTIETH SEPARATE DEFENSE**

(Failure to Take Advantage of Corrective Opportunities - All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, and any recovery of damages is precluded in whole or in part because, on information and belief, Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities, or unreasonably failed to avoid harm otherwise.

**TWENTY-FIRST SEPARATE DEFENSE**

(Not Disabled – First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action)

Upon information and belief, Plaintiff is not a qualified individual with a disability.

**TWENTY-SECOND SEPARATE DEFENSE**

(Not Eligible For CFRA – First, Second, Third, Fourth, and Seventh Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff alleges she was denied leave pursuant to the California Family Rights Act ("CFRA") because Plaintiff was not eligible to obtain CFRA leave.

**TWENTY-THIRD SEPARATE DEFENSE**

(No Right to Reinstatement to Comparable Position- First, Second, Third, Fourth, and Seventh Causes of Action )

To the extent Defendants were excused from returning Plaintiff to the same position at the conclusion of her leave, they had no obligation to place Plaintiff in a comparable position because they would not have offered Plaintiff such a position had she been continuously at work during her leave or there was no comparable position available for Plaintiff to fill.

**TWENTY-FOURTH SEPARATE DEFENSE**

(Exceeded CFRA Entitlement- First, Second, Third, Fourth, and Seventh Causes of Action)

Plaintiff's claim that she was entitled to be reinstatement to the same position fails to the extent her leave continued beyond any protected leave period and because Plaintiff was treated the same as any similarly situated employee.

**TWENTY-FIFTH SEPARATE DEFENSE**

(Could Not Perform Essential Duties- First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

Plaintiff's causes of action fail to the extent that Plaintiff could not safely perform the essential duties of her position with or without a reasonable accommodation.

**TWENTY-SIXTH SEPARATE DEFENSE**

(Failed to Request Reasonable Accommodation- First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

Plaintiff's causes of action fail to the extent that Plaintiff failed to request a reasonable accommodation that would have enabled her to perform the essential duties of her job.

**TWENTY-SEVENTH SEPARATE DEFENSE**

(No Reasonable Accommodation Existed- First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

Plaintiff's causes of action fail to the extent that no reasonable accommodation existed that would have enabled Plaintiff to perform the essential duties of her job.

**TWENTY-EIGHTH SEPARATE DEFENSE**

(Undue Hardship – First, Second Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

Assuming, *arguendo*, that Plaintiff was disabled and Defendants were aware of the alleged disability, Plaintiff's claims are barred because the accommodation(s) demanded was/were not reasonable, and would cause Defendants undue hardship.

**TWENTY-NINTH SEPARATE DEFENSE**

(Good Faith Reasonable Accommodation – First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

Assuming, *arguendo*, that Plaintiff was disabled and Defendants were aware of the disability, Plaintiff's claims are barred because Defendants made a good-faith effort to engage in the interactive process with Plaintiff to make a reasonable accommodation to the extent possible in light of business needs and necessities.

**THIRTIETH SEPARATE DEFENSE**

(Reasonable Care- First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, and any recovery of damages is precluded in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory, retaliatory or harassing behavior in that Defendants had an equal employment opportunity policy, and an anti-discrimination/anti-harassment/anti-retaliation policy which were communicated to all employees and strictly enforced.

**THIRTY-FIRST SEPARATE DEFENSE**

(Acts Outside Course and Scope of Employment - All Causes of Action)

Defendants are not liable for the alleged conduct of its employee(s) to the extent that such conduct was outside the course and scope of his/her employment.

**THIRTY-SECOND SEPARATE DEFENSE**

(Workers' Compensation Exclusivity – First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action)

Any claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries, is governed by the California Workers' Compensation Act pursuant to California Labor Code sections 3600 et seq.

**THIRTY-THIRD SEPARATE DEFENSE**

(Set-Off - All Causes of Action)

Defendants are entitled to a set-off of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of Defendants or others, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiff in this action.

**THIRTY-FOURTH SEPARATE DEFENSE**

(Pre-Existing Injuries- All Causes of Action)

Plaintiff's injuries, losses, or damages, if and to the extent they occurred, preexisted, or were suffered after the relationships between Plaintiff and her employer, and said injuries or illnesses were neither caused by nor exacerbated by said relationships.

**THIRTY-FIFTH SEPARATE DEFENSE**

(Failure to State a Claim for Relief for Punitive Damages – All Causes of Action)

Plaintiff is not entitled to recover any punitive, double or exemplary damages against Defendants and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code § 3294(a).

**THIRTY-SIXTH SEPARATE DEFENSE**

(No Act by A Managing Agent – All Causes of Action)

Plaintiff's prayer for punitive damages is barred to the extent that she has not identified any unlawful conduct by an officer, director or managing agent of Defendants.

**THIRTY-SEVENTH SEPARATE DEFENSE**

(Due Process – All Causes of Action)

Plaintiff's punitive damage claims constitute a denial of Defendants' right to due process of law and equal protection of the law, or the taking for private property for public use without just compensation, and are violative of the separation of judicial, legislative and executive powers guaranteed by the United States and California Constitutions.

**THIRTY-EIGHTH SEPARATE DEFENSE**

(No Attorneys' Fees – All Causes of Action)

Plaintiff knew or should have known that her claims are without any reasonable basis in law or equity and cannot be supported by good faith arguments for extension, modification, or reversal of existing law. There also is no contractual and/or statutory basis for Plaintiff's prayer for attorneys' fees. As a result of Plaintiff's filing of this lawsuit, Defendants have been required to obtain the services of the undersigned attorneys, and has incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case, and Defendants are, therefore, entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with applicable California law.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert additional defenses should it become aware of additional defenses during the course of this litigation.

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint, and that this Complaint be dismissed with prejudice;

2. For costs of suit and attorneys' fees; and

3. For such other further relief as this Court may deem just and proper.

DATED: July 15, 2015

Respectfully submitted,

SEYFARTH SHAW LLP

By: [signature]
Michael J. Burns
Elizabeth M. Levy
Attorneys for Defendants

SIX CONTINENTS HOTELS, INC. (erroneously sued as SIX CONTINENTS HOTEL, INC.) SABA ASMEROM and INTERCONTINENTAL HOTEL GROUP RESOURCES, INC. (erroneously sued as INTERCONTINENTAL HOTELS GROUP, INC.)

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF Los Angeles )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On July 15, 2015, I served the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Adam Reisner, Esq.
Reisner & King LLP
14724 Ventura Blvd.,Ste.1210
Sherman Oaks, CA 91403
Phone: 818-981-0901
Fax: 818-981-0902

*Attorneys for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 15, 2015, at Los Angeles, California.

Rebecca Garner

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF Los Angeles )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On July 17, 2015, I served the within document(s):

**Defendants' Notice of Removal Diversity Jurisdiction**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Adam Reisner, Esq.
Reisner & King LLP
14724 Ventura Blvd.,Ste.1210
Sherman Oaks, CA 91403
Phone: 818-981-0901
Fax: 818-981-0902

Attorney for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 17, 2015, at Los Angeles, California.

Rebecca Garner