UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV15-05463 JAK (ASx) | Date | January 5, 2016 |
| Title | Camilla Waddell v. Six Continents Hotels, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA AND TO AWARD ATTORNEY'S FEES AND COSTS IN THE AMOUNT OF $2700 (DKT. 16, 17); DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL REPLY BRIEF (DKT. 34) |
|---|---|

## I.     Introduction

Camilla Waddell ("Plaintiff") brought this action in the Los Angeles Superior Court against her former employers, Six Continents Hotel, Inc. and Intercontinental Hotels Group, Inc. ("Corporate Defendants"), and her former supervisor, Saba Asmerom (collectively, "Defendants"). Compliant, Dkt. 1-1. The Complaint advances ten causes of action arising from Plaintiff's allegations that Defendants wrongfully terminated and retaliated against her due to her disabilities and need for medical accommodations. *Id.*

On July 17, 2015, Defendants removed the action based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1. On August 5, 2015, Plaintiff filed a Motion to Remand ("Motion to Remand"). Dkt. 16. Defendants filed an opposition to the Motion to Remand (Dkt. 22), and Plaintiff filed a reply (Dkt 24).

A hearing on the Motion to Remand was held on November 2, 2015. At that time, the Court stated its tentative view was to deny the Motion to Remand; provided, however, the issue would be reviewed following the filing by Defendants of admissible evidence as to Plaintiff's salary during the relevant time period. Dkt. 31. The issue arose in the context of the amount at issue for purposes of determining diversity jurisdiction.

Defendants subsequently filed a declaration that presented admissible evidence as to Plaintiff's salary. Dkt. 32. Plaintiff then responded through a supplemental brief, in which she argued that Defendants should be judicially estopped from claiming that the amount in controversy exceeds $75,000 due to past representations by defense counsel. Dkt. 33. Defendant filed a motion to strike the supplemental brief ("Motion to Strike"). Dkt. 34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-05463 JAK (ASx) | Date | January 5, 2016 |
|---|---|---|---|
| Title | Camilla Waddell v. Six Continents Hotels, Inc., et al. | | |

For the reasons stated in this Order, the Motion to Remand is **DENIED**, and the Motion to Strike is **MOOT**.

**II.    The Allegations of the Complaint**

Plaintiff, who was initially employed by the Corporate Defendants as a Revenue Manager, worked for approximately seven years prior to her termination in May 2015. Complaint, Dkt. 1-1 ¶ 8. Before her termination, Plaintiff had been diagnosed with carpal tunnel syndrome. *Id.* ¶ 9. The Complaint also alleges that Plaintiff was harassed and the victim of discrimination and retaliation once she requested medical accommodations due to the aforementioned condition. *Id.* ¶ 12.

The Complaint also alleges that, in December 2014, Defendants required that Plaintiff take an unpaid leave. *Id.* In February 2015, Plaintiff notified Defendants of her ability to return to her former position, but Defendants did not reinstate her. *Id.* Defendants then formally terminated Plaintiff in May 2015. *Id.*

**III.    Application**

    A.    Legal Standard

Federal courts have limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, a determination of subject matter jurisdiction must be made before the merits of an action can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Diversity jurisdiction exists only where a civil action is between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time a court determines that it is without subject matter jurisdiction, it should dismiss or remand the action. 28 U.S.C. § 1447(c).

The party removing an action bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where the amount in controversy in a case as to which diversity jurisdiction is asserted is not facially apparent from the complaint, the removing party must demonstrate by a preponderance of the evidence that it exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."). The court may consider whether it is "facially apparent from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." S*inger v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotation marks omitted). Removal cannot be based "simply upon conclusory allegations" *Id.* (internal quotation marks omitted).

    B.    Application

Plaintiff contends that Defendants have failed to meet their burden of establishing that the amount in controversy in this action exceeds $75,000. Defendants contend that the combination of claimed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-05463 JAK (ASx) | Date | January 5, 2016 |
|---|---|---|---|
| Title | Camilla Waddell v. Six Continents Hotels, Inc., et al. | | |

damages, including loss of earnings, punitive damages and attorney's fees, exceeds $75,000.[1]

      1.     Value of Claim for Loss of Earnings

The evidence shows that Plaintiff's claim for loss of earnings places at least $72,492 in controversy. Defendants have submitted the declaration of Meredith Ball, the Director of Human Resources for the Corporate Defendants. Ball Decl., Dkt. 32. Ball states that Plaintiff was offered a position with Six Continents Hotel, Inc. on March 7, 2008 with an annual base salary of $72,500, or $6041 per month. *Id.* ¶ 4; *Id.* (Ex. A). Attached to the Ball Declaration is Plaintiff's offer letter. It refers to Plaintiff's starting salary. Also attached are Plaintiff's W-2 forms from 2008-2014 that reflect her gross income during that time period. *Id.* ¶ 5; *Id.* (Ex. B).[2]

When calculating the amount in controversy for purposes of jurisdiction, district courts often include "not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal." *Celestino v. Renal Advantage Inc.*, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007). Although district courts generally "decline to project future wage loss until a hypothetical trial date," they have recognized that it is "nonetheless reasonable to expect these damages to exceed [the amount of wage loss accrued as of the date of removal]." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002); *Soto v. Kroger Co.*, 2013 WL 3071267, at *3 (C.D. Cal. June 17, 2013) (calculating lost wages, and "assuming, as one logically would, that lost wages would increase as the case went on").

Here, Plaintiff alleges that she was wrongfully required to take unpaid leave beginning in December 2014. That was more than 12 months ago. Based on a salary of $6041 per month, Plaintiff's loss of earnings claim has placed approximately $72,492 in controversy at this time.

      2.     Value of Claim for Punitive Damages

Plaintiff seeks punitive damages based on the claims she has brought under the Fair Housing and Employment Act ("FEHA"), Cal. Gov. Code § 12940 *et seq.* Dkt. 1-1 ¶¶ 23, 43, 61. No specific amount is

---

[1] Complete diversity among the parties is not in dispute. The Complaint alleges that at all relevant times Plaintiff was and is an individual domiciled and residing in California. Dkt. 1-1 ¶ 3. The corporate Defendants are incorporated in Delaware and have their principal places of business in Georgia. Dkt. 1 at 5. The individual Defendant is domiciled and resides in Georgia. *Id.*

[2] In response to the Ball Declaration, in a supplemental brief to which Defendants objected, Plaintiff argued that Defendants are judicially estopped from claiming that the amount in controversy exceeds $75,000 due to past statements made by their counsel to Plaintiff's counsel. Dkt. 33. Thus, an email that Defendants' counsel sent states: "Frankly, based on what I know about your client's claims, I question the value of the case." Sezgin Decl., Dkt 33-1 (Ex. A). Plaintiff's argument lacks merit. First, the positions are not inconsistent. The amount in controversy in this action is predicated upon what Plaintiff has claimed as damages not on the assessment of the merits of the claim by opposing counsel. Second, the doctrine of judicial estoppel involves inconsistent positions presented to a court. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). That did not occur here. Because Plaintiff's judicial estoppel argument fails, Defendants' Motion to Strike is **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-05463 JAK (ASx) | Date | January 5, 2016 |
|---|---|---|---|
| Title | Camilla Waddell v. Six Continents Hotels, Inc., et al. | | |

stated in the Complaint. "It is well established that punitive damages are part of the amount in controversy in a civil action," if they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages are available as a matter of law under FEHA. *Simmons*, 209 F. Supp. 2d at 1033.

"To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Id.* There is sufficient evidence of jury verdicts in cases involving analogous facts to support a finding that punitive damages, if awarded, may be significant. *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (Cal. Superior, Feb. 16, 2006) ($250,000 in punitive damages awarded in a disability discrimination case with an award of $66,640 in past economic damages); *see also Romero v. Leon Max, Inc.*, 2009 WL 5258439 (Cal. Superior, Nov. 2, 2009) ($50,000 in punitive damages awarded in employment discrimination and wrongful termination case with an award of $6359 in past economic damages); *Amigon v. Cobe Color Cosmetics*, 2009 WL 7497138 (Cal. Superior, Apr. 15, 2009) ($52,000 in punitive damages awarded in employment discrimination case with an award of $1000 in past economic damages).

These analogous cases demonstrate that, for purposes of the present Motion, it is reasonable to conclude that if punitive damages are ultimately awarded in this case, they may be in the range of $25,000 to $50,000.

       3.      Value of Claim for Attorney's Fees

Plaintiff seeks an award of attorney's fees and costs. Dkt. 1-1 at 43. Attorney's fees may be included in the jurisdictional amount if they are recoverable by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Attorney's fees are recoverable under FEHA. Cal. Gov. Code § 12965.

The Ninth Circuit has considered attorney's fees incurred after the notice of removal for the purpose of determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). That case had proceeded to the eve of a scheduled bench trial, when it settled for $13,500. The defendant claimed to have spent $44,266.25 in attorney's fees defending the action until its settlement. *Id.* The Ninth Circuit approved the district court's calculation of the amount in controversy, which aggregated the $13,500 settlement figure and $44,266.25 in attorney's fees. *Id.*[3]

In evaluating the jurisdictional amount, district courts have considered attorney's fees that have been incurred, and that may reasonably be anticipated to accrue, during the remainder of the action. *See, e.g.*, *Vasquez v. Arvato Digital Services, LLC*, 2001 WL 2560261 (C.D. Cal. June 27, 2011) ("[I]n addressing Plaintiff's request for attorneys' fees, Defendant correctly considered those fees that could be reasonably anticipated at the time of removal, not merely those that had already incurred. As the court in *Simmons* stated, including unspecified future attorneys' fees in determining the amount in controversy is proper because such fees necessarily accrue until the action is resolved."); *Brady v. Mercedes–Benz USA, Inc.*,

---

[3] Because the statute then provided that at least $50,000 be in controversy, the jurisdictional requirement was met. *Id.* at 1155.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-05463 JAK (ASx) | Date | January 5, 2016 |
|---|---|---|---|
| Title | Camilla Waddell v. Six Continents Hotels, Inc., et al. | | |

243 F. Supp. 2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys [sic] fees likely to be incurred cannot be estimated at the time of removal.").

Defendants contend that Plaintiff is likely to incur attorney's fees of more than $75,000. They anticipate that depositions will be taken, and that motions requiring substantial attorney time will be brought. These circumstances are similar to those presented in similar cases in which there were substantial fee awards. *See, e.g.*, *Crawford v. DIRECTV Inc.*, 2010 WL 5383296 (Cal. Sup. Ct, Sep. 29, 2010) (fee award of $159,762 in disability discrimination and failure to accommodate case); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (Cal. Sup. Ct., Sep. 16, 2006) (fee award of $490,000 in disability discrimination and failure to accommodate case); *Dickinson v. Allstate Ins. Co.*, 2011 WL 4048838 (Cal. Sup. Ct., Jan 27, 2011) (fee award of $567,221 in disability discrimination and failure to accommodate case).

Based on the foregoing factors, as well as the Court's experience with fee requests made in cases in this District, it is reasonable to conclude that if this matter proceeds and Plaintiff prevails, the resulting fee request will exceed $75,000.

\*         \*         \*

For the foregoing reasons, Defendants have established that it is more likely than not that the amount in controversy exceeds $75,000. The sum of the reasonable calculations of potential damages ($72,492), potential punitive damages ($25,000) and attorney's fees ($75,000) is $172,492.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion to Remand is **DENIED**, and the Motion to Strike is **MOOT**. The dates set forth in the November 2, 2015 Minute Order remain in place. Dkt. 31. On or before January 15, 2016, counsel shall confer about a procedure for settlement efforts in this action and file a joint report by January 19, 2016, which shall include their respective or collective views on this issue, including a proposed date for its completion. Following the filing of the joint report, the Court will set deadlines with respect to the settlement process.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |